1  ILENE J. LASHINSKY (#003073)
   United States Trustee
2  District of Arizona

3  CHRISTOPHER J. PATTOCK (#009797)
   Trial Attorney
4  230 N. 1st Ave., #204
   Phoenix, Arizona  85003-1706
5  (602) 682-2600 (telephone)
   (602) 514-7270 (facsimile)
6

7              IN THE UNITED STATES BANKRUPTCY COURT

8                  FOR THE DISTRICT OF ARIZONA

9  In re:                       ) Chapter 7
                                )
10 JAMES W. HONEYCUTT, and       ) No. 2:09-bk-20673-GBN
   DEBRA L. HONEYCUTT,           )
11                              ) UNITED STATES TRUSTEE'S
                                ) MOTION TO DISMISS PURSUANT
12                              ) TO 11 U.S.C. § 707(b)(2)
                                ) OR § 707(b)(3)
13              Debtors.         )

14         The United States Trustee for Region 14 ("UST"), by and
15 through counsel undersigned, hereby moves this Court for an order to
16 dismiss the above chapter 7 case pursuant to 11 U.S.C. § 707(b)(2) or
17 § 707(b)(3). This motion is supported by the entire record before the
18 Court in this case and the following Memorandum of Points and
19 Authorities.

20              **MEMORANDUM OF POINTS AND AUTHORITIES**

21         1.   The Court has jurisdiction of this matter under 28
22 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C.
23 § 151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and
24 (B).  This motion is filed pursuant to 11 U.S.C. § 707(b)(2)and §
25 707(b)(3).

26         2.   James W. Honeycutt and Debra L. Honeycutt ("Debtors"),
27 filed a voluntary petition for relief under Chapter 7 of Title 11,
28 United States Code, on August 26, 2009.  David M. Reaves was appointed

Chapter 7 Trustee in this case and continues to serve in that capacity.

3. The § 341 meeting of creditors was concluded on September 30, 2009.

4. Based upon a review of the Debtors' Schedules D, E and F, it appears that the Debtors' obligations are primarily consumer debts. The Debtors' nonpriority unsecured debts total $134,879.

5. Pursuant to 11 U.S.C. § 704(b)(1)(a), the UST reviewed the materials filed by the Debtors. On October 8, 2009, the UST filed a Statement of Presumed Abuse ("10 Day Statement.").

6. This Motion is filed within thirty (30) days of the 10 Day Statement and is timely.

7. The Debtors' claimed current monthly income is $6,067, or $72,800 annualized. *See* Form B22A, lines 12 and 13, respectively. The applicable state median income for a household of two is $57,620. Accordingly, Debtors' current monthly income exceeds the applicable state median household income amount.

8. Moreover, the Debtors' current monthly income is under-stated. The UST is in possession of pay advices for the Debtors for the relevant period, and they suggest that their current monthly income is $6,330, or $75,960 annualized.[1]

9. The Debtors also claim excessive and non-allowable expenses and deductions. The UST has performed a means test review ("MTR") utilizing Debtors' allowable expenses. A copy of the MTR is

---

[1] Mr. Honeycutt's pay advices suggest that his current monthly income was $3,412, instead of $3,150.

-2-

attached and incorporated as Exhibit A.[2] The Debtors' permitted monthly expenses and deductions are $5,101 rather than Debtors' claimed $5,846.[3] As a result, Debtors' total current monthly income

---

[2] For comparison purposes, Debtors' computations are in the left-hand column, the UST's are in the right-hand column, and the differences between the two are in the middle column.

[3] The discrepancy is mainly attributed to the following:

On **line 22A - Local Standards: transportation; vehicle operation/public transportation expense**, the Debtors testified that they share one vehicle and own an inoperable vehicle. Therefore, they are entitled to one vehicle operation expense of $232, rather than two, in addition to a $200 additional operation deduction for an older vehicle (discussed below under lines 23 and 24).

On **line 22B - Local Standards: transportation; public transportation expense**, the Debtors are entitled to a $173 public transportation expense because of their inoperable vehicle.

On **lines 23 and 24 - Local Standards: transportation ownership/lease expense; Vehicle 1, and Vehicle 2**, the Debtors own no vehicles on which they are making installment payments. Debtors cannot take a vehicle ownership expense once the terms of the loan has been satisfied. *See* In re Ransom, 380 B.R. 799 (B.A.P.9th Cir. 2007); Ransom v. MBNA America Bank, N.A. (In re Ransom), ___ F.3d. ___, No. 08-15066, 2009 WL 2477609 (9th Cir. Aug. 14, 2009); and In re Garcia, 2007 WL 2692232 (Bankr. D. Ariz. 2007). Instead, the UST provided an additional $200.00 operation deduction on line 22A, since the Debtors' one operating vehicle is over six years old and has over 75,000 reported miles.

On **line 32 - Other Necessary Expenses: telecommunication services**, The Debtors claim $60 for same, but testified at their creditors' meeting that this was for two cell phones. However, *one* cell phone allowance is already automatically included under Line 20A, Local Standards: Housing and utilities; non-mortgage expenses. As for their second cell phone, the Debtors testified that neither of them use their cell phones for their jobs, so it appears that this additional $30 expense is not *necessary* for their health and welfare or the production of income, as required by the Internal Revenue Manual.

On **line 39 - Additional food and clothing expense**, the Debtors claim $35. At their creditors meeting the Debtors testified that this was their contribution to the food and clothing expenses of their daughter and 2 grandchildren who lived with them until approximately August 1, 2009.

-3-

of $6,330, reduced by their allowable monthly expenses of $5,101, leaves $1,229 in monthly disposable income.

10. Section § 707(b)(2)(A)(I) of Title 11 provides that the court shall presume abuse exists if a debtor's current monthly income reduced by allowed deductions and multiplied by 60 is equal to or greater than, 25% of the nonpriority unsecured claims or $6,575.00, whichever is greater; or $10,950.00.

11. Debtors' $1,229 in monthly disposable income multiplied by 60 equals $73,759, which substantially exceeds $10,950.00 and enables Debtors to pay a substantial portion of their unsecured debts. Accordingly, the presumption of abuse arises in this case pursuant to § 707(b)(2).

### ***CAUSE FOR § 707(b)(3) DISMISSAL***

12. Section 707(b)(3)(B) provides that where the presumption in § 707(b)(2) does not arise or is rebutted, the court shall consider whether the totality of the circumstances of the debtor's financial situation demonstrates abuse. Ability to repay creditors warrants abuse under the "totality of the circumstances" test. *See* <u>In re Price</u>, 353 F.3d 1135 (9th Cir. 2004). Although a pre-BAPCPA decision, <u>Price</u> is still good law, and now applies solely to 11 U.S.C. § 707(b)(3)(B). The UST reserves the right to review information including, but not limited to, post-petition income and additional sources of household income, under a § 707(b)(3) analysis.

13. The 9th Circuit held in <u>Price</u> that "[t]he *primary factor*

-4-

defining substantial abuse is the debtor's ability to pay his debts..." Id., at 1140. The 9th Circuit went on to say that in its previous decision on the subject, In re Kelly, 841 F.2d 908 (9th Cir. 1988), it "...quite appropriately held that ability to fund a Chapter 13 plan is the most important consideration under § 707(b), and that *a finding of ability to pay alone is sufficient* to sustain a § 707(b) dismissal." Id., at 1140. [Emphasis supplied.]

14. The Debtors' Schedule I lists total monthly net income (after tax and mandatory withholdings) of $4,039.42. Their Schedule J lists monthly expenses of $4,026.71, and - accordingly - only $12.71 in "disposable" monthly income.

15. However, as noted above, Mr. Honeycutt's claimed income (on Schedule I) appears to be under-stated. Moreover, the Debtors claim $707 in withholdings on Schedule I which are non-allowable: $427 in 401k contributions and a $280 payment on a pre-petition debt to a credit union. Finally, their claimed Schedule J expense of $138 is excessive and/or non-allowable. As a result, it is likely that the Debtors' disposable income under a § 707(b)(3) analysis at least approaches their aforesaid $1,229 in disposable income under § 707(b)(2).

WHEREFORE, the United States Trustee respectfully requests that, pursuant to § 707(b)(1), this Court dismiss this case with prejudice. In the event the Court finds the presumption in § 707(b)(2) does not arise or is rebutted, request is made pursuant to § 707(b)(3) that the Court find Debtors' financial situation demonstrates abuse and dismiss this case as well as grant such other

-5-

```
 1  and further relief deemed just and appropriate.
 2            RESPECTFULLY SUBMITTED this 6th day of November, 2009.
 3                                        ILENE J. LASHINSKY
                                          United States Trustee
 4                                        District of Arizona
 5                                        CHRISTOPHER J. PATTOCK
                                          Trial Attorney
 6
 7  Copies of the foregoing mailed on
    the 9th day of November, 2009, to:
 8
    Joseph W. Charles, Esq.
 9  P.O. Box 1737
    Glendale, AZ 85311-1737
10
    James W. Honeycutt
11  Debra L. Honeycutt
    2741 South 155th Lane
12  Goodyear, AZ 85338
13  David M. Reaves
    P.O. Box 44320
14  Phoenix, AZ 85064-4320
15  _____
16
    H:\707b2-b3-Honeycutt.wpd
17
```

-6-